UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 12-CR-0196-02-CVE |
| ) | |
| KALEB JERMAINE MYERS, ) | |
| ) | |
| ) | |
| Defendant. ) | |

OPINION AND ORDER

Now before the Court is defendant Kaleb Jermaine Myers' motion requesting a Bruton hearing (Dkt. # 29). Myers and Julien Lee Hale are charged with conspiracy to commit robbery (count one), robbery (counts two and four), and possession of a firearm in furtherance of a crime of violence (counts three and five). Dkt. # 13. Myers asks the Court to prohibit the government from introducing Hale's or any other unindicted co-conspirators' post-arrest statements because Hale gave a confession that directly incriminates Myers, and it is unknown whether Hale will testify at trial.

The indictment charges that, on August 17, 2012, the defendants Hale and Myers conspired together to commit a robbery at the Kum and Go located at 14495 East 51st Street, Tulsa, Oklahoma, and that, during the robbery, Hale and Myers brandished firearms. Dkt. # 13.

Myers states that Hale was arrested and gave a lengthy statement, which states that both Hale and Myers were present at the robbery scene. Dkt. # 29, at 2. Myers is also concerned that unindicted co-conspirators may have made similar post-arrest statements that have not yet been provided to the defense. Id.

In <u>United States v. Bruton</u>, 391 U.S. 123 (1968), the Supreme Court held that a defendant's right to confront the witnesses against him is violated by the admission of an out-of-court statement by a co-defendant if the statement implicates the defendant and the co-defendant does not testify at trial. The Tenth Circuit has rejected a broad interpretation of <u>Bruton</u> and has declined to extend <u>Bruton</u> to require the exclusion of statements that "are not directly inculpatory but only inferentially incriminating." <u>United States v. Rahseparian</u>, 231 F.3d 1267, 1277 (10th Cir. 2000). A <u>Bruton</u> problem may be cured by redaction of an out-of-court statement implicating the defendant if it is possible to remove references to the defendant from the statement without making it obvious that any statements reference the defendant. <u>United States v. Sarracino</u>, 340 F.3d 1148, 1159 n.3 (10th Cir. 2003). It is not sufficient merely to remove a defendant's name from the out-of-court statement and there must be no "reference to his or her existence" and, in addition, the Court must give a proper limiting instruction. <u>Richardson v. Marsh</u>, 481 U.S. 200, 211 (1987).

Myers has not shown that a <u>Bruton</u> issue will arise at trial, and his motion (Dkt. # 29) should be denied. Myers' motion is based on an assumption that his co-defendant will not be available for cross-examination at trial and that other unindicted co-conspirators may have made similar post-arrest statements that have not been provided to Myers. Dkt. # 29, at 2. A <u>Bruton</u> issue arises only when a co-defendant makes an out-of-court statement incriminating the defendant and the co-defendant does not testify at the defendant's trial.

Myers may re-urge his request to suppress or exclude Hale's or other unindicted co-conspirators' statements if the government elects to use out-of-court statements at trial and the government is unable to redact references to Myers from the statements. However, the government has the option to use Hale's or other unindicted co-conspirators' statements at trial if they can be

sufficiently redacted, and it would be premature to exclude Hale's or other unindicted co-conspirators' statements in their entirety.  Myers' request to exclude evidence is denied without prejudice to re-urging if a Bruton issue arises during trial.

**IT IS THEREFORE ORDERED** that defendant Kaleb Jermaine Myers' motion requesting a Bruton hearing (Dkt. # 29) is **denied**.

**DATED** this 28th day of November, 2012.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE