## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 12-CR-0196-02-CVE |
| | ) | (15-CV-0215-CVE-PJC) |
| | ) | |
| KALEB JERMAINE MYERS, | ) | |
| a/k/a "Gurillo," | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Before this Court is defendant Kaleb Myers' pro se motion to vacate, set aside, or correct

sentence under 28 U.S.C. § 2255 (Dkt. # 124).  In his § 2255 motion, defendant also requests

appointment of counsel and an evidentiary hearing.[1]  Id.  Section 2255 provides that "[a] prisoner

in custody under sentence of a court established by Act of Congress claiming the right to be released

upon the ground that the sentence was imposed in violation of the Constitution or laws of the United

States . . . may move the court which imposed the sentence to vacate, set aside or correct the

sentence."

---

[1]    With respect to defendant's request for appointment of counsel, the Court exercises its
discretion to deny defendant's motion for appointment of counsel at this time.  There is no
constitutional right to counsel beyond the direct appeal of a conviction.  See Swazo v. Wyo.
Dep't of Corr., 23 F.3d 332 (10th Cir. 1994).  If the Court determines that defendant's
§ 2255 motion states a claim for relief and he is entitled to an evidentiary hearing, the Court
must appoint counsel at that time.  However, defendant is not entitled to counsel during the
Court's initial review of his § 2255 motion.

**I.**

On October 12, 2012, a federal magistrate judge signed a criminal complaint (Dkt. # 1) charging Kaleb Myers and Julien Hale with aiding and abetting each other to commit the crime of robbery by means of force or violence in violation of 18 U.S.C. § 1951.  The complaint alleged that Myers and Hale robbed two Tulsa-area Kum and Go convenience stores on August 17, 2012, and possessed and brandished a firearm during the offenses.  Id.  Myers was arrested and made his initial appearance on November 1, 2012.  Dkt. # 6.  The magistrate judge appointed a federal public defender, William Widell, to represent Myers.  Dkt. # 7.  On November 7, 2012, a grand jury returned a five-count indictment charging  Myers and Hale with conspiracy to commit robbery (count one), robbery (counts two and four), and possession of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (counts three and five).  Dkt. # 13.  Hale pled guilty pursuant to a plea agreement.  Dkt. # 104, at 79, 81.  Myers exercised his right to a jury trial.  Id. at 5.

At trial, Hale testified against Myers.  Id. at 74.  Hale testified that, on the night of August 17, 2012, Hale, Myers, and another individual robbed two Kum and Go convenience stores.  Id. at 75-77.  He testified that, during the robberies, Myers held the firearm, which Hale believed to be a functional .38 revolver.  Id. at 77.  Hale also acknowledged that during his initial interview with police he had not been forthcoming or completely truthful and that, in the time since the initial interview, he had obtained an attorney and pled guilty pursuant to a negotiated plea deal.  Id. at 78-79.  On cross-examination, Widell asked Hale about his familiarity with the firearm he observed Myers use during the robberies, eliciting admissions that Hale saw the firearm for the first time inside the first convenience store, that he had never held the gun before that night, that he did not

2

know where it was before the first convenience store, that he had never seen the gun before that night, and that he had never seen it fired, and that he did not know if it was capable of firing. Id. at 79-80.  Hale also admitted that he had been taking Xanax at the time of the robbery and admitted that his Xanax use sometimes caused memory problems.  Id. at 80.

Widell also questioned Hale about both his plea deal and the inconsistencies between statements he originally made to police and the testimony he provided at trial. Id. at 81, 84.  Hale admitted that his plea deal reduced his sentence by twenty-five years, but maintained that he had been honest with police during the entire investigation.  Id.  Widell specifically questioned Hale about his identification of Myers as the individual holding the firearm during the robberies, asking, "Before you got this deal, you couldn't remember who had the gun, could you?" to which Hale responded, "No, I couldn't."  Id. at 84.  Widell also questioned whether Hale was " the type of person who would lie to get 25 years off his sentence."  Id. at 83.

Latoria Simmons, Hale's mother, also testified at trial.  Id. at 26.  Simmons identified Hale and Myers as the robbers in the surveillance videos from the robberies.  Id. at 27.  Simmons testified that the white floppy hat worn by one of the individuals in the videos was one she had seen Myers wear previously, explained that Myers had a distinctive voice and that she recognized it from one of the videos, and noted that in one of the videos Myers was carrying a carton of cigarettes.  Id. at 27-28, 32.  She further testified that, on the day following the robbery, Hale and Myers came to her house where both men gave her Newport cigarettes.  Id. at 32.  Simmons also testified that she observed Myers holding a black handgun in his right hand on the videos.  Id. at 29, 30.  Widell cross-examined Simmons, and Simmons admitted that she had only known Myers for a few months and that, in the surveillance videos, she could not see his face or any identifying features.  Id. at 33.

3

The jury also heard testimony from the two convenience store clerks working at the stores during the robberies.  Scott Edwards, the clerk at the first convenience store, testified that he was struck in the face with a firearm and observed defendant holding a firearm and opening the cash register drawer.  Id. at 39-42.  On cross-examination, Widell questioned Edwards about his familiarity with firearms and his ability to determine whether the firearm was functional merely by observing the firearm during the course of the robbery.  Id. at 43-45.  The clerk at the second convenience store, Taylor Murphy, testified that she was working at the store the night of the robbery, observed an individual with a firearm, and was struck in the head with a firearm.  Id. at 55. Murphy identified an individual in a white floppy hat as the person who held the firearm, threatened her, and pistol whipped her.  Id. at 56.  On cross-examination, Widell question Murphy about her ability to tell whether the firearm was functional by looking at it and her familiarity with firearms in general.  Id. at 58-59.

The jury convicted Myers on all counts.  Dkt. # 66.  After trial, Widell moved to withdraw as counsel.  Dkt. # 77, at 1.  Widell requested that the Court appoint Timothy Gifford, the next panel attorney in the assignment rotation, as his replacement.  Id. at 2.  The Court granted the motion.  Dkt. # 79.  Gifford represented Myers at sentencing, requesting that the Court impose a sentence at the lower end of the guidelines range.  Dkt. # 84.  The Court imposed a concurrent 92 month sentence for the conspiracy and robbery counts (counts one, two, and four), and imposed the consecutive mandatory minimums for the 18 U.S.C. § 924(c) counts (84 months consecutive for count three and 300 months consecutive for count five), which resulted in a total term of imprisonment of 476 months.  Dkt. # 90.  Myers filed a direct appeal and his conviction and sentence were affirmed by the Tenth Circuit Court of Appeals.  Dkt. # 113.  Following denial of his appeal, Myers filed this

4

§ 2255 motion asserting that he received ineffective assistance of counsel during both trial and sentencing.

## II.

Defendant asserts that his trial and sentencing counsel were constitutionally ineffective. The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." The right to counsel "exists, and is needed, in order to protect the fundamental right to a fair trial." Strickland v. Washington, 466 U.S. 668, 684 (1984). The Supreme Court has long held that "the right to counsel is the right to the effective assistance of counsel." McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970) (collecting cases). This right can be violated in two ways: the government may violate the right if it interferes with defense counsel's ability to act independently; or defense counsel may violate the right "simply by failing to render 'adequate legal assistance.'" Strickland, 466 U.S. at 686 (quoting Cuyler v. Sullivan, 446 U.S. 335, 344 (1980)). Defendant's arguments relate only to the latter type of violation.

To establish ineffective assistance of counsel, a defendant must show that his counsel's performance was deficient and that the deficient performance was prejudicial. Id. at 687; Osborn v. Shillinger, 997 F.2d 1324, 1328 (10th Cir. 1993). A defendant can establish the first prong by showing that counsel performed below the level expected from a reasonably competent attorney in criminal cases. Strickland, 466 U.S. at 687-88. There is a "strong presumption that counsel's conduct falls within the range of reasonable professional assistance." Id. at 688. In making this determination, a court must "judge . . . [a] counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690. Moreover, review of counsel's

performance must be highly deferential.  "[I]t is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable."  Id. at 689.

To establish the second prong, a defendant must show that counsel's deficient performance prejudiced the defendant to the extent that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  Id. at 694; see also Lockhart v. Fretwell, 506 U.S. 364, 369-70 (1993).  In Glover v. United States, 531 U.S. 198, 199 (2001), the Supreme Court held that "any amount of actual jail time has Sixth Amendment significance."  Thus, the prejudice prong of the Strickland test does not require that any increase in sentence must meet a standard of significance.  See United States v. Horey, 333 F.3d 1185, 1187-88 (10th Cir. 2003).

Defendant raises five claims of ineffective assistance in his § 2255 motion, asserting that: (1) his trial counsel was ineffective by failing to seek suppression of or challenge testimony based on inconsistent statements; (2) his trial counsel was ineffective by failing to object to the duplicitous counts three and five of the indictment; (3) his sentencing counsel was ineffective by failing to object to the "brandishing" enhancement for the firearm charges; (4) his trial counsel was ineffective by failing to argue that the government failed to prove the firearm in question was capable of firing a projectile; and (5) cumulative errors of trial and sentencing counsel amounted to ineffective assistance.  In his reply, defendant has raised a sixth claim for relief: that his convictions for possession and brandishing of a firearm in furtherance of  a crime of violence should be vacated

6

based on the Supreme Court's decision in <u>Johnson v. United States</u>, 135 S. Ct. 2251 (2015), which

declared the residual clause of the Armed Career Criminal Act unconstitutional.[2]  Dkt. # 142, at 74.

### A.

Defendant argues (ground one) that Widell was ineffective by failing to seek suppression of

or challenge inconsistent testimony from two witnesses for the United States.  Dkt. # 124, at 6.

Defendant asserts that Hale and Simmons  provided testimony at trial that was inconsistent with

prior statements made to police, and Widell failed to move to suppress or otherwise challenge the

inconsistent statements.  <u>Id.</u>  With respect to Hale's testimony, defendant asserts that Hale stated on

direct examination both that he had been forthcoming and truthful with law enforcement from the

first interview and that he had not been truthful during his first interview with law enforcement.  <u>Id.</u>

Defendant asserts that Widell failed to address this inconsistency.  <u>Id.</u>  The United States asserts that

Widell properly impeached Hale based on inconsistences with previous statements and notes that

defendant does not identify any alleged inconsistencies in Simmons' testimony.  Dkt. # 132, at 13-

14.  In his reply, defendant also asserts that Widell should have impeached Hale based on his

testimony at trial that defendant possessed the firearm, when in a previous interview Hale stated that

he did not know who held the firearm.  Dkt. # 142, at 8-10.

Defendant provides no authority for his assertion that the proper method of challenging

inconsistent statements is to seek suppression of inconsistent testimony.  The Federal Rules of

Evidence provide that the proper method for challenging inconsistent statements is through

---

[2]     Although defendant raised this issue for the first time in his reply brief, defendant filed his
§ 2255 motion on April 16, 2015 and the Supreme Court decided <u>Johnson</u> on June 26, 2015.
Defendant thus could not have raised this issue in his original motion.  Defendant filed his
reply on June 23, 2016, within the one-year limitations period for claims under <u>Johnson</u>.
The Court will consider defendant's additional claim for relief.

impeachment of the witness. <u>See</u> Fed. R. Evid. 607; Fed. R. Evid. 613. And Widell impeached Hale based on his inconsistent statements about his truthfulness with police by eliciting a response in which Hale maintained that he had been honest with law enforcement throughout the entire investigation, despite his previous statement to the contrary. Widell also elicited testimony from Hale regarding potential motives behind his changing statements, including admissions that Hale had received a sentence reduction of nearly 25 years based on a guilty plea and that Hale had been under the influence of drugs on the night of the robberies. As to defendant's argument regarding Hale's inconsistent statements about who possessed the firearm during the robberies, Widell specifically questioned Hale about whether he could identify who possessed the firearm during the robberies only after he received a plea deal that reduced his sentence by 25 years. Widell utilized the proper method of challenging inconsistent statements by impeaching Hale. As such, Widell's performance was not deficient.

And, even if Widell's performance were deficient in his impeachment of Hale, defendant was not prejudiced when several other witnesses testified that defendant was the individual who held the firearm and struck both store clerks with the firearm during the robberies. Thus there is no reasonable probability that the jury would have reached a different outcome without any alleged deficiency. As to defendant's argument regarding Simmons' testimony, he does not identify any statements that were purportedly inconsistent and provides no other support for his claim. Even construing defendant's motion liberally, the Court finds these allegations insufficient to support his claim. <u>See</u> <u>United States v. Fisher</u>, 38 F.3d 1144, 1147 (10th Cir. 1994) (explaining that, while courts are to construe <u>pro</u> <u>se</u> motions liberally, conclusory allegations without supporting facts are insufficient to support a claim). Ground one of defendant's motion should be denied.

**B.**

Defendant argues (ground two) that counts three and five of the indictment were duplicitous and that Widell was ineffective by failing to object to the charges or the related jury instructions. Dkt. # 124, at 7.  Counts three and five of the indictment charged defendant with both possessing and brandishing a firearm in furtherance of a crime of violence pursuant to 18 U.S.C. § 924(c). Dkt. # 13.  Defendant argues that these constitute separate and independent offenses, and Widell failed to object to the inclusion of two offenses in a single charge.  Dkt. # 124, at 7.  The United States responds that, at the time defendant was charged and convicted, brandishing and possessing a firearm were not separate offenses requiring separate charges. Dkt. # 132, at 16.  The United States also argues that, even if the charges were duplicitous, defendant suffered no prejudice when eyewitness testimony at trial established that defendant pistol whipped both clerks at both convenience stores and the Court separately instructed the jury regarding possession and brandishing of the firearm.  Id.  In his reply, defendant asserts that Gifford was also ineffective by failing to raise this ground on appeal.  Dkt. # 142, at 30.

A charge is duplicitous if it joins two or more offenses in the same count.  United States v. Trammell, 133 F.3d 1343, 1354 (10th Cir. 1998).  There are three dangers that could result from a duplicitous indictment: "(1) A jury may convict a defendant without unanimously agreeing on the same offense; (2) A defendant may be prejudiced in a subsequent double jeopardy offense; and (3) A court may have difficulty determining the admissibility of evidence."  Id. (quoting United States v. Wiles, 102 F.3d 1043, 1061 (10th Cir. 1996)).

Neither count three nor count five charged multiple offenses within a single count.  At the time defendant was charged and convicted, the brandishing provision of § 924(c) was considered

a sentencing factor to be found by the Court rather than an element of an offense to be found by a jury. United States v. Bowen, 527 F.3d 1065, 1073 (10th Cir. 2008) ("Under the terms of the statute, the question of whether a defendant has committed the substantive offense of using, carrying, or possessing a firearm is for the jury.  Whether the brandishing and discharge provisions of § 924(c) have been satisfied, however, is a sentencing determination made by the district court." (citation omitted)).  Brandishing and possessing a firearm were thus not separate offenses that would require separate charges in separate counts of an indictment.  It was not until Alleyne v. United States, 133 S. Ct. 2151, 2162 (2013), decided after defendant's sentencing, that the Supreme Court held that brandishing a firearm constituted an element of a separate, aggravated offense.  And Alleyne does not apply retroactively.  See United States v. Hoon, 762 F.3d 1172, 1173 (10th Cir. 2014).  Because Widell's representation was in accordance with the law during defendant's trial and sentencing, he was not deficient by failing to object to counts three and five of the indictment as duplicitous.  See United States v. Harms, 371 F.3d 1208, 1212 (10th Cir. 2004) (explaining that counsel cannot be ineffective for failing to predict future developments in the law).

And, even if counts three and five of the indictment were duplicitous, defendant did not suffer any prejudice.  The Court instructed the jury separately regarding possession and brandishing of a firearm, eliminating any risk that could arise from a duplicitous charge, particularly that a jury could convict a defendant without unanimously agreeing on the offense.  See Dkt. # 65, at 54, 70 ("If you find that the defendant possessed a firearm in furtherance of a crime of violence, you must then determine whether he brandished the firearm.").  The Court also notes that, before trial, counsel for both parties discussed with the Court the very issue of whether brandishing was an issue for the jury or a sentencing factor for the Court.  Dkt. # 104, at 5-7.  The parties discussed the then-pending

Supreme Court case <u>Alleyne</u>, and discussed the possibility of instructing the jury on both possession and brandishing a firearm. <u>Id.</u> The Court ultimately instructed the jury on both possession and brandishing, clearly explaining that the jury first had to determine whether defendant possessed the firearm and then, only if the jury concluded that defendant possessed the firearm, was the jury to consider whether defendant brandished the firearm. Dkt. # 65, at 50, 54, 66, 70. These instructions eliminated any risk of prejudice from any alleged deficiency in Widell's failure to object to duplicitous charges in the indictment. Further, the Court gave the jury a verdict form that required the jury to specifically determine whether defendant brandished a firearm if the jury first found that defendant was guilty of counts three and five. Dkt. # 66. For both counts three and five, the jury found defendant guilty before specifically finding that defendant brandished a firearm. <u>Id.</u> Because the Court concludes that Widell's performance did not amount to ineffective assistance, the Court also concludes that Gifford did not provide ineffective assistance by failing to raise this meritless argument on appeal. <u>See</u> <u>Hawkins v. Hannigan</u>, 185 F.3d 1146, 1152 (10th Cir. 1999) ("If the omitted issue is meritless, then counsel's failure to raise it [on appeal] does not amount to constitutionally ineffective assistance."). Ground two of defendant's motion should be denied.

## C.

Defendant argues (ground three) that Gifford was ineffective by failing to object to the application of brandishing sentence enhancement for the firearm charges. Dkt. # 124, at 11-12. Defendant was subject to a sentencing enhancement with respect to counts three and five of the indictment because the jury found that defendant brandished the firearm in furtherance of a crime of violence. Defendant argues that Gifford should have objected to the application of the brandishing enhancement because the words "during and in relation to" were omitted from counts

three and five of the indictment.  Id.  Defendant argues that this phrase constitutes an essential element that was erroneously omitted from the indictment.  Id.  The United States argues that defendant was not charged with brandishing a firearm "during and in relation to" a crime of violence; rather, defendant was charged with the separate and distinct offense of brandishing a firearm "in furtherance of" a crime of violence.  Dkt. # 132, at 19.   Thus, the United States argues that defendant's sentencing counsel was not deficient by failing to object to the exclusion of the phrase "during and in relation to" in the indictment.  Id.  And the United States asserts that, even if defendant's sentencing counsel were deficient, defendant suffered no prejudice when ample evidence demonstrated that defendant brandished a firearm during and in relation to a crime of violence.  Id.  In his reply, defendant asserts that the United States misunderstood his argument and raises two additional points: defendant is actually innocent of the charged offense and "[t]he indictment and conviction in this case is the result of an [sic] Constructive Amendment of the Indictment."

Counts three and five of the indictment charged defendant with possession and brandishing of a firearm "in furtherance of" a crime  of violence pursuant to 18 U.S.C. § 924(c)(1)(A).  Dkt. # 13.  Defendant was not charged with possession and brandishing of a firearm "during and in relation to a crime of violence.  See id.  The "in furtherance" offense in § 924(c)(1)(A) is separate and independent of the "during or in relation to" offense in the same statute. 18 U.S.C.   § 924(c)(1)(A) ("[A]ny person who, during and in relation to any crime of violence . . . uses a or carries a firearm, **or** who, in furtherance of any such crime, possesses a firearm . . . ." (emphasis added)); United States v. Brooks, 438 F.3d 1231, 1237 (10th Cir. 2006) (explaining that § 924(c)(1)(A) defines two separate firearm offenses: (1) use or carry during or in relation to a crime

of violence and (2) possession in furtherance of a crime of violence).  Because defendant was charged with possession and brandishing of a firearm "in furtherance" of a crime of violence, Gifford's performance was not deficient by failing to object to the brandishing sentence enhancement on the basis that the indictment lacked the words "during and in relation to."  And defendant suffered no prejudice from any alleged error when the evidence at trial demonstrated that defendant brandished the firearm both in furtherance of and during and in relation to a crime of violence, including surveillance videos of the robberies and testimony from Hale and the two convenience store clerks.

With respect to defendant's arguments raised in his reply, they are completely new arguments that defendant did not raise in his original motion.  Defendant asserts that the United States simply misunderstood his original argument, but nothing in defendant's original motion, even construed broadly, can be said to advance an argument of actual innocence or constructive amendment.  And the general rule is that arguments raised for the first time in a reply to a § 2255 motion are waived.  See Plotner v. A. T. & T. Corp., 224 F.3d 1161, 1175 (10th Cir. 2000) ("[U]nder our general rule [] we do not consider issues raised for the first time in a reply brief.").  Further, even if the Court were to allow arguments raised for the first time in defendant's reply, these arguments are untimely.  A criminal defendant may seek leave to file an amended § 2255 motion under Fed. R. Civ. P. 15(a), but an amended § 2255 motion may include new claims only if the amended motion is filed within the one year statute of limitations.  United States v. Guerrero, 488 F.3d 1313, 1316 (10th Cir. 2007).  The Tenth Circuit has stated:

> an . . . amendment to a § 2255 motion "which, by way of additional facts, clarifies or amplifies a claim or theory in the [original motion] may in the District Court's discretion, relate back to the date of [the original motion] if and only if the [original

motion] was timely filed and the proposed amendment does not seek to add a new claim or to insert a new theory into the case."

United States v. Espinoza-Saenz, 235 F.3d 501, 505 (10th Cir. 2000) (quoting United States v. Thomas, 221 F.3d 430, 431 (3d Cir. 2000)).  Although defendant did not seek leave to file an amended § 2255 motion, instead simply raising the new argument in his reply,  the Court notes that any new claims raised would be untimely, even in an amended § 2255 motion.  Defendant raises new arguments that do not clarify or amplify a theory in his original motion; thus defendant's claims do not relate back to the original petition.  Defendant filed his reply on June 23, 2016, outside of the one-year statute of limitations that expired on May 27, 2015.[3]  The Court thus does not consider defendant's new arguments regarding actual innocence and constructive amendment.  Ground three of defendant's motion should be denied.

### D.

Defendant argues (ground four) that Widell was ineffective by failing to argue that the government did not prove that the firearm used in the robberies was capable of firing a projectile.  Dkt. # 124, at 13.  The United States argues that Widell was not deficient because  the Tenth Circuit expressly rejected this argument when defendant asserted it on direct appeal.  Dkt. # 132, at 20.  The United States also argues that defendant suffered no prejudice because the Tenth Circuit concluded that defendant's argument failed, even under a de novo standard of review.  Id.  In his reply, purportedly in reference to ground four, defendant asserts that both Widell and Gifford were ineffective by failing to challenge jury instructions that violated due process by relieving the United

---

[3]     Defendant's appeal was denied on February 26, 2014, and he did not file a petition for writ of certiorari in the United States Supreme Court.  Thus, his conviction became final on May 27, 2014, when his time to file a petition for writ of certiorari expired.  See Clay v. United States, 537 U.S. 522, 527 (2003).

States of its burden of proof regarding interstate commerce and allowing defendant to be convicted of "a non-existent offense for 'brandishing a firearm.'" Dkt. # 142, at 60-63.

Defendant raised the projectile issue on direct appeal to the Tenth Circuit. See United States v. Myers, 556 F. App'x 703, 705 (10th Cir. 2014) (unpublished) ("Mr. Myers argues that his convictions for brandishing a firearm should be reversed because '[t]he government introduced no evidence that any alleged firearm possessed by [him] in the course of these crimes was capable of being used to fire a bullet, i.e. that it actually worked as a gun or in fact was a real gun at all.'" (alterations in original)).  The Tenth Circuit expressly rejected this argument, explaining that "[a] conviction under 18 U.S.C. § 922(g) or § 924 does not require that the gun be functional," and finding "[t]here was sufficient evidence from which a reasonable jury could have found beyond a reasonable doubt that Mr. Myers brandished a 'firearm' in the course of the robberies." Id.  Because this issue lacks merit, Widell did not render deficient performance by failing to raise it before the district court.  Cf. Hawkins, 185 F.3d at 1152 (explaining that appellate counsel cannot be ineffective for failing to raise a meritless issue on appeal).  And, as the United States notes, the Tenth Circuit explained that defendant's argument would fail under even a de novo standard of review.  See Myers, 556 F. App'x  at 705 ("Myers's claim fails even under a de novo review.").  There is no reasonable probability of a different outcome based on any alleged deficiency with respect to whether the firearm was capable of firing a projectile; defendant thus suffered no prejudice.

With respect to defendant's argument, raised for the first time in his reply, that both Widell and Gifford were ineffective by failing to object or appeal based on improper jury instructions that violated due process, for the same reasons the Court concludes that it should not consider

15

defendant's claims with respect to constructive amendment or actual innocence, see supra II.D., it concludes the same here.  The Court thus does not consider defendant's new, untimely argument regarding the jury instructions.  Ground four of defendant's motion should be denied.

### E.

Defendant argues (ground five) that the cumulative effect of the errors raised in grounds one through four deprived him of a fair trial and sentencing.  Dkt. # 124, at 14-15.  The United States argues that, because defendant fails to establish any error by his trial or sentencing counsel, defendant's argument of cumulative error may be summarily rejected.  Dkt. # 132, at 21.  A cumulative error inquiry "aggregates all the errors that individually might be harmless [and therefore insufficient to require reversal], and it analyzes whether their cumulative effect on the outcome of the trial is such that collectively they can no longer be determined to be harmless."  United States v. Wood, 207 F.3d 1222, 1237 (10th Cir. 2000) (internal quotation marks omitted).  Cumulative error analysis is applicable only where there are two or more actual errors.  Workman v. Mullin, 342 F.3d 1100, 1116 (10th Cir. 2003).  Cumulative impact of non-errors is not part of the analysis.  Le v. Mullin, 311 F.3d 1002, 1023 (10th Cir. 2002) (citing United States v. Rivera, 900 F.2d 1462, 1471 (10th Cir. 1990)).  In this case, the Court did not find two or more actual errors.  As a result, there is no basis for a cumulative error analysis.  Therefore, defendant has failed to demonstrate ineffective assistance based on a claim of cumulative error.  Ground five of defendant's motion should be denied.

### F.

Defendant argues (ground six) that his conviction for two counts of possession and brandishing of a firearm in furtherance of  a crime of violence should be vacated based upon the

16

Supreme Court's decision in <u>Johnson</u>, which declared the residual clause of the Armed Career Criminal Act (ACCA) unconstitutional.  Dkt. # 142, at 74-75.  Prior to <u>Johnson</u>, the ACCA defined "violent felony" as follows:

> (B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding on year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult that, --
>
> (I) has as an element the use, attempted use, or threatened use of physical force against the person of another
>
> (ii) is burglary, arson, or extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another. . . . .

18 U.S.C. § 924(e)(2).  The last section of this definition treating a prior conviction as a violent felony if it "involves conduct that presents a serious potential risk of physical injury to another" is known as the "residual clause."  In <u>Johnson</u>, the Supreme Court found that the residual clause was unconstitutionally vague in violation of the Due Process Clause of the Fifth Amendment.  135 S. Ct. at 2556-57.

Although defendant was not sentenced as an armed career criminal, he was convicted of two counts of possession and brandishing of a firearm during in furtherance of a crime of violence in violation of § 924(c), and the definition of crime of violence in § 924(c)(3) includes language very similar to residual clause of § 924(e)(2).  <u>See</u> 18 U.S.C.§ 924(c)(3)(B) (defining crime of violence, in part, as a crime "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.").  In <u>United States v. Hopper</u>, No. 15-2190 (10th Cir.), that defendant has argued that his conviction under § 924(c) should be vacated in light of <u>Johnson</u>, because the underlying offense during which he used

or carried a firearm should no longer be considered a crime of violence.  The <u>Hopper</u> appeal is still pending.  In this case, defendant was convicted of two counts of possession and brandishing of a firearm in furtherance of a crime of violence, and he also asks the Court to vacate his conviction in light of <u>Johnson</u>.  Two federal circuit courts of appeals have rejected arguments that <u>Johnson</u> renders § 924(c)(3)(B) unconstitutionally vague.  <u>See</u> <u>United States v. Hill</u>, ___ F.3d ___, 2016 WL 4120667 (2d Cir. Aug. 3, 2016); <u>United States v. Taylor</u>, 814 F.3d 340, 375 (6th Cir. 2016).  The government also notes that the Supreme Court has not decided whether <u>Johnson</u> applies retroactively in the context of a challenge to the definition of "crime of violence" in § 924(c)(3)(B).  The Court concludes that, in the interest of judicial economy, this claim of defendant's § 2255 motion should be stayed.  It would be a waste of judicial resources for this Court to decide an issue that is likely to be resolved in an appeal pending before the Tenth Circuit.

### III.

The Court has construed defendant's § 2255 motion broadly and can discern no other claims for relief.  The Court finds that defendant has failed to demonstrate that his counsel's performance was constitutionally deficient or that any alleged deficiency prejudiced defendant.  Section 2255 provides that the district court shall conduct a hearing unless the motion and record conclusively show that defendant is entitled to no relief.  In this case, the Court concludes that the record conclusively shows defendant is entitled to no relief on his ineffective assistance claims, and a hearing is unnecessary.  With respect to defendant's claim based on <u>Johnson</u>, the Court concludes that litigation of this claim should be stayed pending the Tenth Circuit's decision in <u>Hopper</u>.

**IT IS THEREFORE ORDERED** that defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Dkt. # 124) is **denied in part and stayed in part**: it is denied as to defendants's claims of ineffective assistance of counsel, but litigation of defendant's claim under Johnson is stayed pending the Tenth Circuit's decision in Hopper.

**IT IS FURTHER ORDERED** that defendant's requests for appointment of counsel and an evidentiary hearing are **denied**.

**DATED** this 24th day of August, 2016.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE