UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 12-CR-0196-02-CVE |
| ) | (15-CV-0215-CVE-PJC) |
| KALEB JERMAINE MYERS, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Now before the Court is defendant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Dkt. # 124), as well as defendant's reply (Dkt. # 142), in which he added a claim under Johnson v. United States, 135 S. Ct. 2551 (2015).[1] Section 2255 provides that "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

**I.**

On December 18, 2012, a jury found defendant guilty of five counts, including two counts of Hobbs Act robbery and aiding and abetting in violation of 18 U.S.C. §§ 1951 and 2(a), and two counts of possession of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and (c)(1)(C)(i). Dkt. ## 66, 90. On April 23, 2015, defendant filed a motion under

---

[1] The Supreme Court issued its decision in Johnson after defendant had filed his § 2255 motion. Defendant filed his reply containing his Johnson claim within the one-year limitations period for such claims.

28 U.S.C. § 2255, asserting five grounds of ineffective assistance of counsel (Dkt. # 124). In his reply (Dkt. # 142), defendant added a sixth claim for relief, arguing that the underlying offenses of Hobbs Act robbery and aiding and abetting are not crimes of violence under 18 U.S.C. § 924(c) based on the Supreme Court's decision in Johnson. Id. at 74. On August 24, 2016, this Court denied defendant's claims of ineffective assistance of counsel (Dkt. # 143), but stayed defendant's Johnson claim pending a decision by the Tenth Circuit Court of Appeals in United States v. Hopper, No. 15-2190, as to the impact of the Johnson decision on § 924(c)(3).[2] Id. at 16-18. Thereafter, the Tenth Circuit addressed the impact of Johnson on one subpart of § 924(c)(3) in United States v. Salas, 889 F.3d 681 (10th Cir. 2018), and found § 924(c)(3)(B) to be unconstitutionally vague based on Supreme Court precedent. Id. at 686. On June 6, 2018, this Court lifted the stay, appointed counsel for defendant, and ordered plaintiff to file a supplemental response addressing the impact of Salas on defendant's Johnson claim (Dkt. # 175). Two days later, the Tenth Circuit specifically addressed whether Hobbs Act robbery is a crime of violence under the remaining subpart of § 924(c)(3), in United States v. Melgar-Cabrera, 892 F.3d 1053 (10th Cir. 2018), and held that it does in fact constitute a crime of violence under § 924(c)(3)(A). Id. at 1066.

**II.**

Defendant argues that his convictions under § 924(c) are unconstitutional pursuant to the Supreme Court's decision in Johnson, and thus should be vacated or set aside. Specifically, defendant argues that his underlying offenses of Hobbs Act robbery and aiding and abetting fail to

---

[2] Section 924(c)(3) is the subsection of the statute that defines "crime of violence" for the purposes of § 924(c).

qualify as crimes of violence under § 924(c). For the purpose of a conviction under § 924(c), § 924(c)(3) defines "crime of violence" as an offense that is a felony and:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). Section 924(c)(3)(A) is known as the "elements clause," and § 924(c)(3)(B) is known as the "residual clause."

As both parties acknowledge in their supplemental briefs, in Salas the Tenth Circuit held that the definition of "crime of violence" under the residual clause of § 924(c)(3) is unconstitutionally vague.[3] Salas, 889 F.3d at 686. Thus, pursuant to Tenth Circuit precedent, the Court finds that the residual clause of § 924(c)(3) cannot provide the basis for qualifying defendant's underlying offenses as crimes of violence.

---

[3] The Tenth Circuit relied on Johnson and Sessions v. Dimaya, 138 S. Ct. 1204 (2018). In Johnson, the Supreme Court invalidated the residual clause of § 924(e)(2)(B), defining "violent felony," and found it to be unconstitutionally vague. Johnson, 135 S. Ct. at 2556-57. In Dimaya, the Court relied on its Johnson decision to find that the similarly worded residual clause of 18 U.S.C. § 16(b), defining "crime of violence," is also unconstitutionally vague. Dimaya, 138 S. Ct. at 1210. In deciding Salas, the Tenth Circuit determined that the Supreme Court's reasoning in Dimaya applies equally to § 924(c)(3)(B), whose language is identical to § 16(b), and thus held that § 924(c)(3)(B) is unconstitutionally vague. Salas, 889 F.3d at 686. Shortly thereafter, the Tenth Circuit issued its decision in Hopper, stating that its decision in Salas resolved the case. United States v. Hopper, 723 F. App'x 645, 646 (2018).

The only remaining basis for treating defendant's underlying offenses as crimes of violence is the elements clause, § 924(c)(3)(A).[4] Defendant argues that his underlying offenses of Hobbs Act robbery and aiding and abetting fail to constitute crimes of violence under § 924(c)(3)(A). However, the Tenth Circuit's recent holding in Melgar-Cabrera, which is binding precedent on this Court, forecloses that argument.[5] Specifically, the Tenth Circuit held that Hobbs Act robbery is a crime of violence under § 924(c)(3)(A).[6] Melgar-Cabrera, 892 F.3d at 1066. Here, although defendant was convicted of both Hobbs Act robbery and aiding and abetting, such a distinction has no bearing on the Court's conclusion. In United States v. Deiter, 890 F.3d 1203 (10th Cir. 2018), the Tenth Circuit rejected the argument that aiding and abetting under 18 U.S.C. § 2 must be analyzed separately from the underlying crime in determining whether a prior conviction is a violent felony

---

[4] The Tenth Circuit's determination that § 924(c)(3)(B) is unconstitutionally vague does not affect this Court's analysis under § 924(c)(3)(A). See Melgar-Cabrera, 892 F.3d at 1060 n.4 (stating that Salas does not affect Court's conclusion that Melgar-Cabrera's underlying offense is a crime of violence under the elements clause).

[5] Defendant's counsel seems to acknowledge as much. Defendant's supplemental brief does not dispute–and, in fact, it concedes–that this Court must reject defendant's Johnson claim under the controlling precedent. Rather, defendant's argument, which he submits in order to preserve it for a possible appeal, is that the Tenth Circuit decided Melgar-Cabrera incorrectly. This Court is bound by Tenth Circuit precedent, however, and thus does not address this argument.

[6] The Tenth Circuit's decision in United States v. O'Connor, 874 F.3d 1147 (10th Cir. 2017), does not impact this conclusion. In O'Connor, the court held that Hobbs Act robbery was not a crime of violence under U.S.S.G. § 4B1.2(a)(1); however, the Court noted that, while § 4B1.2(a)(1) has language similar to § 924(c)(3)(A), it is not identical. Id. at 1158. Thus, the Tenth Circuit explicitly limited its holding in O'Connor: "There is nothing incongruous about holding that Hobbs Act robbery is a crime of violence for purposes of 18 U.S.C. § 924(c)(3)(A), which includes force against a person or property, but not for purposes of U.S.S.G. § 4B1.2(a)(1), which is limited to force against a person." Id. In Melgar-Cabrera, the Tenth Circuit reaffirmed its conclusion that O'Connor has no bearing on § 924(c)(3)(A), stating "we see no inconsistencies between our opinion here and O'Connor." Melgar-Cabrera, 892 F.3d at 1066 n.7.

4

under § 924(e)(2)(B). Deiter, 890 F.3d at 1214. Rather, in noting that "'it is well established that aiding and abetting is not an independent crime under 18 U.S.C. § 2'" and that it "'simply abolishes the common-law distinction between principal and accessory,'" the Tenth Circuit held that the proper approach is to look to the underlying statute of conviction to decide whether the elements clause of § 924(e)(2)(B) is satisfied. Id. at 1214-16 (quoting United States v. Cooper, 375 F.3d 1041, 1049 (10th Cir. 2004)). The Tenth Circuit suggested that the same approach applies in the context of determining whether an underlying offense satisfies the elements clause of § 924(c)(3). See id. at 1215-16 (discussing, as support for its holding, Eleventh Circuit and Sixth Circuit case law holding that aiding and abetting Hobbs Act robbery is a crime of violence under § 924(c)(3) because Hobbs Act robbery is a crime of violence). Thus, pursuant to Tenth Circuit precedent, the Court finds that defendant's underlying offenses of Hobbs Act robbery and aiding and abetting constitute crimes of violence under the elements clause of § 924(c)(3). Accordingly, the Court finds that defendant's § 2255 motion (Dkt. ## 124, 142) should be denied.

## III.

Pursuant to 28 U.S.C. § 2253, a defendant is required to obtain a certificate of appealability before appealing a final order in a proceeding under 28 U.S.C. § 2255. Section 2253(c) instructs that the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A defendant can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. Slack v. McDaniel, 529 U.S. 473 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)). After considering the record in this case, the Court concludes

5

that a certificate of appealability should not issue because defendant has not made a substantial showing of the denial of a constitutional right. The Court determines that Johnson had no impact on defendant's sentence, because defendant's underlying offenses qualify as crimes of violence under the elements clause of § 924(c)(3). The Court does not find that the issues raised by defendant are debatable among jurists or that the Tenth Circuit would resolve the issues differently, especially in light of the Tenth Circuit's recent decisions in Salas, Melgar-Cabrera, and Deiter. Therefore, defendant has not made a substantial showing of the denial of a constitutional right.

**IT IS THEREFORE ORDERED** that defendant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Dkt. ## 124, 142) is **denied**. A separate judgment is entered herewith.

**IT IS FURTHER ORDERED** that a certificate of appealability should not be issued because defendant has not made a substantial showing of the denial of a constitutional right.

**DATED** this 13th day of September, 2018.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE