UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 12-CR-0196-CVE-2 |
| KALEB JERMAINE MYERS, | ) ) ) |
| Defendant. | ) |

**OPINION AND ORDER**

Before the Court are defendant's Rule 60(b) motion to vacate sentence (Dkt. # 219), plaintiff's motion to dismiss defendant's Rule 60(b) motion to vacate sentence (Dkt. # 221), and defendant's Rule 60(b) motion to vacate convictions for violations of the Fifth and Sixth Amendment of the United States Constitution (Dkt. # 222).

On December 18, 2012, a jury found defendant guilty of five counts, including two counts of Hobbs Act robbery and aiding and abetting in violation of 18 U.S.C. §§ 1951 and 2(a), and two counts of possession of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and (c)(1)(C)(i). Dkt. ## 66, 90. This Court sentenced defendant to a total of 476 months—92 months, to run concurrently, for counts one, two, and four; 84 months, to run consecutively to counts one, two, and four, for count three; and 300 months, to run consecutively to counts one, two, three, and four, for count five. Dkt. # 90, at 2. The convictions and sentence were affirmed on appeal (Dkt. # 113). Defendant filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Dkt. ## 124), raising five claims of ineffective assistance of counsel. Defendant added a sixth claim for relief in his reply (Dkt. # 142), arguing that his conviction for

possession and brandishing of a firearm in furtherance of a crime of violence should be vacated pursuant to Johnson v. United States, 576 U.S. 591 (2015). Dkt. # 142, at 74. This Court denied defendant's § 2255 motion (Dkt. ## 124, 142) and found that "a certificate of appealability should not be issued because defendant has not made a substantial showing of the denial of a constitutional right." Dkt. # 179, at 6. Defendant appealed, the Tenth Circuit also denied defendant a certificate of appealability, and the Supreme Court denied certiorari. See United States v. Myers, 786 F. App'x 161 (10th Cir. 2019) cert. denied, 140 S. Ct. 1288 (2020).

In his Rule 60(b) motion to vacate sentence (Dkt. # 219), defendant is asking the Court to vacate the sentence imposed for his two 18 U.S.C. § 924(c) convictions, that is, the two counts of possession of a firearm in furtherance of a crime of violence, claiming that he is entitled to relief because the definition of "robbery" under 18 U.S.C. § 1951(b)(1) "sweep[s] more broadly than the definition of 'crime of violence' under the elements clause of 924(C)(3)(A)," as well as under Borden v. United States, 141 S. Ct. 1817 (2021). Dkt. # 219, at 1. In his second Rule 60(b) motion (Dkt. # 222), defendant asks the Court to vacate his two § 924(c) convictions due to alleged violations of his Fifth and Sixth Amendment rights. To the extent that defendant seeks relief under Rule 60(b), a motion to vacate sentence must be treated as a request to file a second or successive motion under § 2255 if the motion "in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction [or sentence]." United States v. Pedraza, 466 F.3d 932, 933-34 (10th Cir. 2006). However, a court may consider a "true" motion for relief from judgment under Fed. R. Civ. P. 59(e) or 60(b) without construing the motion as a second or successive § 2255 motion. See Gonzalez v. Crosby, 545 U.S. 524 (2005). To avoid classification as a second or successive § 2255 motion, the Rule 59(e) or 60(b) motion must challenge "some defect in the

2

integrity of the federal habeas process," rather than the "substance of the federal court's resolution of a claim on the merits." Id. at 532. The Tenth Circuit does not distinguish between a Rule 59(e) motion to alter or amend judgment and a Rule 60(b) motion in considering whether a motion should be treated as a true motion for relief from judgment or as a second or successive § 2255 motion. See Pedraza, 466 F.3d at 933. If the motion to vacate sentence is more properly classified as a second or successive § 2255 motion, this Court lacks jurisdiction to consider a second or successive § 2255 motion and defendant must request permission from the Tenth Circuit to file a second or successive § 2255 motion. See 28 U.S.C. § 2255(h); United States v. Nelson, 465 F.3d 1145, 1148 (10th Cir. 2006); United States v. Torres, 282 F.3d 1241, 1246 (10th Cir. 2002).

Defendant's motions (Dkt. ## 219, 222) should be treated as second or successive § 2255 motions. Defendant is not asking the Court to correct a defect in the integrity of the federal habeas process, but he is asking for the Court to vacate the judgment and reduce his sentence. These are clearly substantive challenges to his sentence. Under § 2255(h), a defendant is permitted to file a second or successive § 2255 motion based on claims of:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). In his motion to vacate sentence (Dkt. # 219), defendant's only novel argument, relative to his original § 2255 motion (Dkt. ## 124, 142), is that he is entitled to relief in light of a new rule articulated in Borden. Compare Dkt. # 219, at 1 (arguing that Hobbs Act robbery is broader than "crime of violence" within the meaning of the § 924(c) elements), with Dkt. # 142,

at 74-75 (arguing that defendant's convictions for Hobbs Act robbery "fail to qualify as crimes of violence within the meaning of 18 USC 924 (c)(3)(A)"). However, the Supreme Court did not expressly make Borden retroactively applicable to cases on collateral review, and "[n]either the four-justice plurality opinion nor Justice Thomas' concurrence in *Borden* announced a new rule of constitutional law but a new statutory rule[.]" In re Terry, No. 21-12810-D, 2021 U.S. App. LEXIS 25458, at *4 (10th Cir. Aug. 24, 2021); see also Borden, 141 S. Ct. at 1821-22, 1825, 1830-31 (analyzing the language, legislative history, and structure of the statute at issue in reaching its holding regarding the mens rea requirement for a "violent felony.") . Further, in his motion to vacate convictions for Fifth and Sixth Amendment violations (Dkt. # 222), defendant is also substantively challenging his sentence, which must have been included in his original § 2255 motion.

The Tenth Circuit has determined that "[w]hen a second or successive § 2254 or § 2255 claim is filed in the district court without the required authorization from this court, the district court may transfer the matter to this court if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction." In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008). Citing Trujillo v. Williams, 465 F.3d 1210, 1223 n.16 (10th Cir. 2006), the Tenth Circuit stated that "[f]actors considered in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction." Cline, 531 F.3d at 1251. "Where there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the mater to this court for authorization." Id. at 1252 (citing Phillips v. Seiter, 173

F.3d 609, 610 (7th Cir. 1999) (noting that it is a waste of judicial resources to require the transfer of frivolous, time-barred cases).

The Court finds no basis to transfer defendant's motions to the Tenth Circuit, and defendant's motions (Dkt. ## 219, 222) should be dismissed. As to defendant's first Rule 60(b) motion (Dkt. # 219), the Supreme Court did not expressly make Borden retroactively applicable to cases on collateral review, and this Court finds that Borden did not articulate a new rule of constitutional law; rather Borden clarified a statutory interpretation issue. Further, for his second Rule 60(b) motion (Dkt. # 222), defendant does not meet the requirements for filing a second or successive § 2255 motion. The federal basis for relief articulated in this motion, that is, violations of the fifth and sixth amendment, should have been included in his original § 2255 motion.

**IT IS THEREFORE ORDERED** that defendant's Rule 60(b) motion to vacate sentence (Dkt. # 219) and defendant's Rule 60(b) motion to vacate convictions for violations of the Fifth and Sixth Amendment of the United States Constitution (Dkt. # 222) are **dismissed for lack of jurisdiction**; and plaintiff's motion to dismiss defendant's Rule 60(b) motion to vacate sentence (Dkt. # 221) is **granted**. A separate judgment of dismissal is entered herewith.

**DATED** this 23rd day of November, 2021.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE