UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | )  Case No. 12-CR-0196-CVE-2 |
| KALEB JERMAINE MYERS, | ) ) ) |
| Defendant. | ) |

**OPINION AND ORDER**

Before the Court is defendant's Rule 59(e) motion to alter or amend judgment (Dkt. # 227). On December 18, 2012, a jury found defendant guilty of five counts, including two counts of Hobbs Act robbery and aiding and abetting in violation of 18 U.S.C. §§ 1951 and 2(a), and two counts of possession of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and (c)(1)(C)(i). Dkt. ## 66, 90. This Court sentenced defendant to a total of 476 months. Dkt. # 90, at 2. The convictions and sentence were affirmed on appeal (Dkt. # 113). Defendant filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Dkt. # 124), raising five claims of ineffective assistance of counsel. Defendant added a sixth claim for relief in his reply (Dkt. # 142), arguing that his conviction for possession and brandishing of a firearm in furtherance of a crime of violence should be vacated pursuant to Johnson v. United States, 576 U.S. 591 (2015). Dkt. # 142, at 74. This Court denied defendant's § 2255 motion (Dkt. ## 124, 142) and found that "a certificate of appealability should not be issued because defendant has not made a substantial showing of the denial of a constitutional right." Dkt. # 179, at 6. Defendant appealed, the Tenth Circuit also denied defendant a certificate of appealability, and the Supreme

Court denied certiorari. See United States v. Myers, 786 F. App'x 161 (10th Cir. 2019) cert. denied, 140 S. Ct. 1288 (2020). Finally, on October 7, 2021 and November 19, 2021, respectively, defendant filed two Rule 60(b) motions asking the Court to vacate his two 18 U.S.C. § 924(c) convictions. (Dkt. ## 219, 222). On November 23, 2021, this Court issued an opinion and order (Dkt. # 223) denying defendant's Rule 60(b) motions for lack of jurisdiction, finding that his motions should be treated as second or successive § 2255 motions because defendant made substantive challenges to his sentence. Dkt. # 223, at 3, 5.

In his Rule 59(e) motion (Dkt. # 227), defendant appears to argue that the only reason this Court treated his 60(b) motions (Dkt. ## 219, 222) as second or successive § 2255 motions–thereby finding that the Court lacks jurisdiction–is because he used the word "vacate"in his claims for relief from his § 924(c) convictions. Dkt. # 227, at 2. Defendant asks the Court, pursuant to Fed. R. Civ. P. 59(e), to alter or amend its November 23, 2021 opinion and order, as to defendant's Rule 60(b) motion to vacate sentence for violations of the Fifth and Sixth Amendment of the United States Constitution (Dkt. # 222), "to correct clear errors of law or prevent manifest injustice." Id. at 3. Defendant argues that his Rule 59(e) motion challenges a "defect in the [i]ntegrity of the federal habeas process." Id.

To the extent that defendant seeks relief under Rule 59(e), a motion to vacate sentence must be treated as a request to file a second or successive motion under § 2255 if the motion "in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction [or sentence]." United States v. Pedraza, 466 F.3d 932, 933-34 (10th Cir. 2006). However, a court may consider a "true" motion for relief from judgment under Fed. R. Civ. P. 59(e) or 60(b) without construing the motion as a second or successive § 2255 motion. See Gonzalez v. Crosby, 545 U.S.

524 (2005). To avoid classification as a second or successive § 2255 motion, the Rule 59(e) or 60(b) motion must challenge "some defect in the integrity of the federal habeas process," rather than the "substance of the federal court's resolution of a claim on the merits." Id. at 532. The Tenth Circuit does not distinguish between a Rule 59(e) motion to alter or amend judgment and a Rule 60(b) motion in considering whether a motion should be treated as a true motion for relief from judgment or as a second or successive § 2255 motion. See Pedraza, 466 F.3d at 933. If the motion to alter or amend judgment is more properly classified as a second or successive § 2255 motion, this Court lacks jurisdiction to consider a second or successive § 2255 motion and defendant must request permission from the Tenth Circuit to file a second or successive § 2255 motion. See 28 U.S.C. § 2255(h); United States v. Nelson, 465 F.3d 1145, 1148 (10th Cir. 2006); United States v. Torres, 282 F.3d 1241, 1246 (10th Cir. 2002).

The Court finds that defendant's motion (Dkt. # 227) should be treated as a second or successive § 2255 motion. Although defendant claims he is challenging a defect in the integrity of the federal habeas process, he argues that he is entitled to relief based on rights guaranteed to him under the Fifth Amendment of the United States Constitution, and reasserts his argument from his earlier Rule 60(b) motion (Dkt. # 222). Dkt. # 227, at 4; see also Dkt. # 223, at 2. Thus, defendant is not asking the Court to correct a defect in the integrity of the federal habeas process, he is reasserting a federal basis for relief from his underlying conviction or sentence, that is, violations of his Fifth Amendment rights. This is clearly a substantive challenge to his sentence. Under § 2255(h), a defendant is permitted to file a second or successive § 2255 motion based on claims of:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

3

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). Defendant has not presented newly discovered evidence or a new rule of constitutional law; rather, defendant makes a substantive challenge to his sentence or conviction based on the Fifth Amendment, which must have been included in his original § 2255 motion. The Court also notes that it did not treat defendant's Rule 60(b) motions (Dkt. ## 219, 222) as second or successive § 2255 motions because he used the word "vacate" in his claim for relief. The Court treated defendant's motions as second or successive § 2255 motions because defendant was challenging the Court's resolution of his case on the merits, did not present new evidence or an applicable new rule of constitutional law, and failed to adequately challenge some defect in the federal habeas process.

The Tenth Circuit has determined that "[w]hen a second or successive § 2254 or § 2255 claim is filed in the district court without the required authorization from this court, the district court may transfer the matter to this court if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction." In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008). Citing Trujillo v. Williams, 465 F.3d 1210, 1223 n.16 (10th Cir. 2006), the Tenth Circuit stated that "[f]actors considered in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction." Cline, 531 F.3d at 1251. "Where there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of

justice to transfer the mater to this court for authorization." Id. at 1252 (citing Phillips v. Seiter, 173 F.3d 609, 610 (7th Cir. 1999) (noting that it is a waste of judicial resources to require the transfer of frivolous, time-barred cases).

The Court finds no basis to transfer defendant's motion to the Tenth Circuit, and defendant's motion (Dkt. # 227) should be dismissed. Defendant does not adequately establish a challenge to some defect in the federal habeas process, and defendant does not meet the requirements for filing a second or successive § 2255 motion. Specifically, defendant's claim for relief based on violations of the Fifth Amendment should have been included in his original § 2255 motion.

**IT IS THEREFORE ORDERED** that defendant's Rule 59(e) motion to alter or amend judgment (Dkt. # 227) is **dismissed for lack of jurisdiction**. A separate judgment of dismissal is entered herewith.

**DATED** this 17th day of December, 2021.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE