UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 12-CR-0196-CVE-2 |
| ) | (Civil No. 22-CV-0238-CVE-JFJ) |
| KALEB JERMAINE MYERS, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Before the Court is defendant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Dkt. # 237). On December 18, 2012, a jury found defendant guilty of five counts, including two counts of Hobbs Act robbery and aiding and abetting in violation of 18 U.S.C. §§ 1951 and 2(a), and two counts of possession of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and (c)(1)(C)(i). Dkt. ## 66, 90. This Court sentenced defendant to a total of 476 months. Dkt. # 90, at 2. The convictions and sentence were affirmed on appeal (Dkt. # 113).

In April 2015, defendant filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Dkt. # 124), raising five claims of ineffective assistance of counsel. Defendant added a sixth claim for relief in his reply (Dkt. # 142), arguing that his conviction for possession and brandishing of a firearm in furtherance of a crime of violence should be vacated pursuant to Johnson v. United States, 576 U.S. 591 (2015). Dkt. # 142, at 74. This Court denied defendant's § 2255 motion (Dkt. ## 124, 142) and found that "a certificate of appealability should not be issued because defendant has not made a substantial showing of the denial of a constitutional right." Dkt. # 179,

at 6. Defendant appealed, the Tenth Circuit also denied defendant a certificate of appealability, and the Supreme Court denied certiorari. See United States v. Myers, 786 F. App'x 161 (10th Cir. 2019), cert. denied, 140 S. Ct. 1288 (2020).

In March 2021, defendant filed a motion for reduction of sentence (Dkt. # 200), under 18 U.S.C. § 3582(c)(1)(A), which the Court granted on July 1, 2021. Dkt. # 209. Specifically, the Court found that "the combination of the extraordinary and compelling circumstances and consideration of the factors set forth in 18 U.S.C. § 3553(a) warrant a marginal reduction of sentence in this case." Id. at 4. Accordingly, the Court reduced defendant's sentence from a total of 476 months to a total of 343 months. Id. On October 7, 2021 and November 19, 2021, respectively, defendant filed two Fed. R. Civ. P. 60(b) motions asking the Court to vacate his two 18 U.S.C. § 924(c) convictions. (Dkt. ## 219, 222). On November 23, 2021, this Court issued an opinion and order (Dkt. # 223) dismissing defendant's Rule 60(b) motions for lack of jurisdiction, finding that his motions should be treated as second or successive § 2255 motions because defendant made substantive challenges to his sentence. Dkt. # 223, at 3, 5. On December 13, 2021, defendant filed a motion to alter or amend judgment under Fed. R. Civ. P. 59(e). Dkt. # 227. On December 18, 2021, the Court dismissed defendant's Rule 59(e) motion for lack of jurisdiction, finding that it too should be treated as a second or successive § 2255 motion. Dkt. # 228, at 5.

On May 31, 2022, defendant filed the instant § 2255 motion (Dkt. # 237), arguing that, because his sentence was reduced on July 1, 2021, he had one year to file a new motion under 28 U.S.C. § 2255. Dkt. # 237, at 1. In other words, defendant appears to argue that the Court's order, granting a marginal reduction of defendant's sentence, constitutes a new, intervening judgment and that, therefore, his May 31, 2022 § 2255 motion is not second or successive. Defendant proceeds

to argue that his Fifth and Sixth Amendment rights were violated because, inter alia, 1) plaintiff failed to properly plead the essential elements of the charged offense in the indictment; 2) improperly including the word "brandishing" constituted a constructive amendment to the indictment; and 3) defendant was further prejudiced when an instruction on "brandishing" was included in the jury instructions. Id. at 2-8.

Under § 2255(h), a defendant is permitted to file a second or successive § 2255 motion based on claims of:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). Notwithstanding, "[a] district court does not have jurisdiction to address the merits of a second or successive § 2255 or 28 U.S.C. § 2254 claim until [the Tenth Circuit] has granted the required authorization." In re Cline, 531 F.3d 1249, 1251 (10th Cir. 2008). The Tenth Circuit has determined that "[w]hen a second or successive § 2254 or § 2255 claim is filed in the district court without the required authorization from this court, the district court may transfer the matter to this court if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction." Id. at 1252. Citing Trujillo v. Williams, 465 F.3d 1210, 1223 n.16 (10th Cir. 2006), the Tenth Circuit stated that "[f]actors considered in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked

the requisite jurisdiction." In re Cline, 531 F.3d at 1251. "Where there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the mater to this court for authorization." Id. at 1252 (citing Phillips v. Seiter, 173 F.3d 609, 610 (7th Cir. 1999) (noting that it is a waste of judicial resources to require the transfer of frivolous, time-barred cases).

Notably, in Magwood v. Patterson, 561 U.S. 320, 341-42 (2010), the Supreme Court held that if "there is a new judgment intervening between two habeas petitions, an application challenging the resulting new judgment is not second or successive." (Internal quotations and citations omitted). However, the Tenth Circuit explained that a sentencing reduction under 18 U.S.C. § 3582(c)(2)--a similar subsection to the one defendant cites in the instant motion--is distinct from the resentencing at issue in Magwood.561 U.S. at 331.  See United States v. Quary, 881 F.3d 820, 822-23 (10th Cir. 2018).  That is, sentencing reductions "do not qualify as new, intervening judgments." Id. at 822. The Tenth Circuit reasoned that, unlike a resentencing--where "a district judge may receive evidence and reopen issues decided in the original sentencing before holding a hearing and pronouncing a new sentence"--a "sentence reduction takes as established the findings and calculations that led to the sentence[,]" and "the penalty goes down, but the original judgment is not declared invalid." Id. at 822-23 (internal quotations omitted).  Although the Quary Court was discussing § 3582(c)(2), § 3582(c)(1)(A) is also a "modification of a sentence under § 3582(c) and does not require the court to explain the sentence under § 3553(c)." United States v. Morris, No. 99-10086-03-JWB, 2021 WL 2036544, at *3 (D. Kan. May 21, 2021) (internal quotations omitted).

The Court finds that, similar to the § 3582(c) sentence reduction at issue in Quary, 881 F.3d at 822, the July 1, 2021 order reducing defendant's sentence is not a new, intervening judgment.

Therefore, defendant's May 31, 2022 motion (Dkt. # 237) is a second or successive § 2255 motion. Consequently, this Court lacks jurisdiction to consider a second or successive § 2255 motion, and defendant must request permission from the Tenth Circuit to file a second or successive § 2255 motion.  See 28 U.S.C. § 2255(h); United States v. Nelson, 465 F.3d 1145, 1148 (10th Cir. 2006); United States v. Torres, 282 F.3d 1241, 1246 (10th Cir. 2002).  Moreover, the Court finds no basis to transfer defendant's motion to the Tenth Circuit, and defendant's motion (Dkt. # 237) should be dismissed.  Specifically, under the pertinent § 1631 factors, defendant's claims are unlikely to have merit and it was clear at the time of filing that the court lacked the requisite jurisdiction.

      First, defendant argues that the wording of the indictment and jury instructions violated his Fifth and Sixth Amendment rights due to the inclusion of the term "brandishing."  Dkt. # 237, at 2-8. Defendant has raised similar arguments in at least three other motions to vacate his sentence (Dkt. ## 124, 222, 227), all of which the Court has either denied or dismissed for lack of jurisdiction without referring the motion to the Tenth Circuit.  The Court discussed this issue in detail in its August 24, 2016 opinion and order, finding that the relevant legal issue, as to whether "brandishing" is a sentencing factor or an element of an offense, was clarified after defendant's trial and sentencing and the Tenth Circuit's opinion in Alleyne v. United States, 570 U.S. 99 (2013), was not retroactive. Dkt. # 143, at 9-10.  Moreover, the Court found that, even if counts three and five were duplicitous-- the crux of defendant's argument as to any constitutional violations due to including the term "brandishing" in the indictment--defendant did not suffer any prejudice.  Id. at 10.  Second, defendant has filed at least three other motions to vacate his sentence in the past year (Dkt. ## 219, 222, 227)-- all of which were filed subsequent to the Magwood and Quary decisions, and subsequent to the Court granting a sentence reduction in defendant's case--that the Court dismissed for lack of

5

jurisdiction. Therefore, the Court finds that it was clear at the time of filing the instant motion that the Court lacked the requisite jurisdiction.

**IT IS THEREFORE ORDERED** that defendant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Dkt. # 237) is **dismissed for lack of jurisdiction**. A separate judgment of dismissal is entered herewith.

**DATED** this 2nd day of August, 2022.

*[signature]*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE